IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHAKAYLA GOTELL,** )<br>)<br>**Plaintiff,** )<br>)<br>v.                                     )<br>)<br>**JENNIFER CLARKE, et al.,** )<br>)<br>**Defendants.** ) | Case No. 1:21-cv-136-SPB-RAL |

## MEMORANDUM ORDER

In this *pro se* civil rights action, Plaintiff Shakayla Gotell, an inmate at SCI-Cambridge Springs, has sued four individuals who allegedly violated her constitutional rights in connection with her conviction and imprisonment for child abuse crimes and the loss of her custodial rights. Named as Defendants are Dr. Jennifer Clarke ("Clarke"), a physician at the Children's Hospital of Pittsburgh, Denise Dymond ("Dymond"), a casework with Children and Youth Services of Beaver County, Angela Reed Strathman ("Strathman"), a Beaver County Assistant District Attorney, and Mitchell Shahen, a judge on the Beaver County Court of Common Pleas ("Judge Shahen"). *See* ECF No. 1.

On May 14, 2021, the case was transferred to this Court by the U.S. District Court for the Middle District of Pennsylvania. ECF Nos. 10, 11. The matter was then referred to U.S. Magistrate Judge Richard A. Lanzillo for pretrial proceedings pursuant to the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Civil Rules of this Court.

After screening the complaint pursuant to 28 U.S.C. 1915 and 1915A, Judge Lanzillo filed a Report and Recommendation ("R&R") in which he opined that the complaint should be dismissed without prejudice and with leave to amend, based on Plaintiff's failure to state a claim

1

upon which relief can be granted.  ECF No. 14.  To the extent Plaintiff is attempting to use this litigation as a means of regaining custody of her children, Judge Lanzillo concluded that her claims are barred by the *Rooker-Feldman* doctrine.[1]  *See* ECF No. 14 at 4-5.  To the extent Plaintiff is seeking monetary damages in this lawsuit based upon the theory that her conviction and/or sentencing were unlawful, Judge Lanzillo opined that Plaintiffs' claims are barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 47, 486-87 (1994), since Plaintiff has not shown that the underlying criminal proceedings terminated in her favor.  *Id.* at 5-6.  Judge Lanzillo next explained that Plaintiff's §1983 claims against Dr. Clark – and any putative claims against the Children's Hospital of Pittsburgh or against Plaintiff's criminal defense attorney -- are untenable because Dr. Clark, Children's Hospital, and Plaintiff's attorney are not persons who acted "under color of state law."  *Id*. at 6-7; *see Mark v. Borough of Hatboro,* 51 F.3d 1137, 1141 (3d Cir. 1995); *Kach v. Hose,* 589 F.3d 626, 646 (3d Cir. 2009).  Judge Lanzillo further determined that Defendants Strathman and Dymond are absolutely immune from suit for the alleged actions they took in their respective prosecutorial capacities. ECF No. 14 at 7-9.  Similarly, Judge Lanzillo determined that the doctrine of judicial immunity barred Plaintiff's claims against Judge Shehan for actions he took while presiding over Plaintiff's criminal and child custody proceedings.  *Id.* at 9-11.  To the extent Plaintiff was challenging Judge Shehan's jurisdiction to preside over both types of proceedings, Judge Lanzillo found those arguments to be baseless.  *See id*. (citing 42 Pa. C.S. §931(a) and Article V, §5 of the Pennsylvania Constitution).  Notwithstanding these problems, however, Judge Lanzillo recommended that Plaintiff be granted leave to amend her pleading, to the extent she can identify a viable defendant or allege misconduct that is not protected by immunity.  *Id.* at 11-12.

---

[1] *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,*

Plaintiff subsequently submitted a filing which the Clerk of Court docketed as "objections" on August 24, 2021. ECF No. 15. The undersigned construed that filing, in part, as a general statement of objection to the R&R and a motion for an enlargement of time within which to file more specific objections. So construed, the motion was granted, and the Court extended the deadline for objections to January 28, 2022.

Plaintiff subsequently filed a document styled as "Supplement to Order on Motion to Amend Complaint." ECF No. 17. Although the document purports to effectuate an amendment to the complaint, it is not in the form of a pleading that comports with Rule 8 of the Federal Rules of Civil Procedure. Rather, Plaintiff's most recent filing incorporates her various disagreements with the Magistrate Judge's R&R and the underlying criminal and child custody proceedings in general. The Clerk of Court docketed Plaintiff's most recent filing as objections to the R&R and, after careful *de novo* review, the Court agrees that the document should be construed in that fashion.

Having done so, the Court finds no merit in Plaintiff's various objections that would cause it to depart from the Magistrate Judge's analysis or conclusions. In her filing, Plaintiff clarifies that she is asserting theories of "cruel and unusual punishment, deprivation of due process rights, interference with [the] right to legal counsel, and adequate medical care[,] which resulted in wrongful adoption and breech [sic] of written contract . . . ." ECF No. 17 at 1. None of these theories are specifically elaborated upon, however. Plaintiff notes that her putative amendment "does not substantially alter" her claims "but clarifies the exten[t] of damages" she sustained in terms of her mental health. *Id.* at 2. Insofar as the Magistrate Judge invoked the *Rooker-Feldman* Doctrine, Plaintiff appears to be suggesting that her federal claims are not inextricably intertwined with the state court adjudications and, therefore, the doctrine does not

apply here. *Id.* at 3. She next describes this Court's standard of review which, she inaccurately claims, is to determine "whether the trial court abused its discretion in allowing [certain] evidence" in. *Id.* Substantively, Plaintiff disputes the allegation that she violated any duty of care toward her son or was otherwise unfit to care for her children. She suggests that Dymond's opinions and recommendations in that regard were improperly considered. *Id.* at 4. Elsewhere in her objections, Plaintiff suggests that her constitutional rights were violated on August 19, 2017, when she took her infant son to a hospital in Beaver County, who was then transported overnight to Children's Hospital of Pittsburgh. Misunderstanding both the role of the Magistrate Judge and the stage of these proceedings, Plaintiff contends that "the Magistrate Judge failed to present evidence and is without merit." *Id.* at 5. She insists that the "evidence on record is insufficient to support any findings of child abuse . . . ." *Id.* at 6. Plaintiff also attempts to get around the bar imposed by *Heck v. Humphrey* by arguing that "her criminal conviction was unlawful" because the state court evidence was insufficient to support her conviction. *Id.* at 7. She concludes by noting that she "completed every goal for reunification with her children and visited regularly with them." *Id.* at 8.

Having given Plaintiff's argument full consideration, the Court finds no basis for departing from the Magistrate Judge's recommendations. Nowhere in her objections does Plaintiff address Dr. Clarke's status as a non-state actor, or the immunity from suit to which the other named Defendants are entitled. Even assuming the Defendants were amenable to suit under §1983, Plaintiff fails to explain how she was denied the right to counsel by any of the individuals she has sued. Her claim predicated upon cruel and unusual punishment necessarily calls into question the validity of her conviction, in violation of the principals annunciated in *Heck v. Humphrey*; moreover, a determination that Plaintiff's conviction was invalid cannot be

predicated upon her own personal evaluation of the sufficiency of the Commonwealth's case. And, to state the obvious, Defendants Clarke, Dymond, and Strathman have no control over the sentence imposed in Plaintiff's underlying criminal proceeding. To the extent Plaintiff asserts that her procedural due process rights were violated, the claim fails because it is evident that Plaintiff received all of the process to which she was entitled. To the extent she claims that her substantive due process rights were violated in connection with the state court proceedings, the Court perceives no plausible basis for concluding that the Defendants engaged in "conscious-shocking" behavior in the context of this case. *See Connection Training Servs. v. City of Phila.,* 358 F. App'x 315, 319–20 (3d Cir. 2009) (stating elements for a Fourteenth Amendment substantive due process claim) (citing *Chainey v. Street,* 523 F.3d 200, 219 (3d Cir. 2008)); *see also Desi's Pizza, Inc. v. City of Wilkes-Barre,* 321 F.3d 411, 426-27 (3d Cir. 2003). To the extent Plaintiff alludes to tortious events occurring on August 19, 2017, certain claims predicated on those events likely fail on independent statute of limitations grounds. *See Lake v. Arnold,* 232 F.3d 360, 368 n. (3d Cir. 2000) (discussing the two-year statute of limitations that governs claims under 42 U.S.C. §1983 in Pennsylvania). In sum, the Court finds no merits in the points raised in Plaintiff's objections.

   The infirmity in Plaintiff's arguments also informs the Court's analysis as to whether further amendment of her federal §1983 claims is warranted. In short, the Court sees no basis for concluding that Plaintiff might cure the aforementioned deficiencies through an additional pleading. Accordingly, the following order is entered:

AND NOW, this 1st day of June 2022, after *de novo* review of the complaint and documents in the case, together with the report and recommendation and Plaintiff's objections thereto,

IT IS ORDERED that the within complaint shall be, and hereby is, DISMISSED for failure to state a claim upon which relief may be granted, in accordance with the provisions of 28 U.S.C. §1915(e) and §1915A.  Plaintiff's putative federal claims under 42 U.S.C. §1983 are DISMISSED with prejudice, as it does not appear that the deficiencies in Plaintiff's federal claims can be cured through further amendment.  Any putative claims under Pennsylvania law are dismissed without prejudice to be reasserted in state court, as the Court declines to exercise supplemental jurisdiction over such claims.

IT IS FUTHER ORDERED that the Report and Recommendation issued by Magistrate Judge Richard A. Lanzillo on July 26, 2021, as modified herein, is adopted as the opinion of this Court.  *See* ECF No. 14.

There being no further matters pending in the above-captioned case, the Clerk is directed to mark this civil action "CLOSED."

*Susan Paradise Baxter*

SUSAN PARADISE BAXTER
United States District Judge

cm:    Shakayla Gotell
       PC0614
       SCI-Cambridge Springs
       451 Fullerton Ave.
       Cambridge Springs, PA 16403-1238
       (via U.S. mail, First Class)


       United States Magistrate Judge Richard A. Lanzillo
       (via CM/ECF)